■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SUAREZ, Appellant. [748 NYS2d 550] —Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered December 20, 1999, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 17½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The alleged contradictions between the victim's grand jury and trial testimony and his explanations for them were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94). The credible evidence clearly established the element of serious physical injury, in that as a result of being slashed in the face and head with a surgical razor, the victim sustained a permanent loss of the range of motion of his head and seriously disfiguring scars (*see People v Edmonds*, 267 AD2d 19, *lv denied* 94 NY2d 862).

The court properly exercised its discretion in admitting a photograph depicting defendant's physical condition immediately after the incident. In the factual context presented, photographs showing that defendant appeared to be uninjured, taken together with testimony that defendant was found with blood all over his hands, constituted circumstantial evidence of defendant's identity as the assailant. Defendant's argument that the tattoo reflected in the photograph unduly prejudiced

him is unpersuasive, since defendant's claim that the jurors could recognize this tattoo as a symbol of criminality is speculative (*cf. People v Flores*, 210 AD2d 1, 2, *lv denied* 84 NY2d 1031). In any event, defendant was present throughout his trial, and his tattoo would have been visible to the jury as he sat in the courtroom, as indicated by a statement made by defense counsel during the colloquy on admission of the photo.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Andrias, J.P., Rosenberger, Marlow and Gonzalez, JJ.